# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4157 | **DATE** | 4/25/2011 |
| **CASE TITLE** | Beverly Freeman vs. Holy Cross Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants Defendants's Motion to Dismiss Count IV with prejudice. As Count IV is the only one that names Galvan, Galvan is dismissed from the case.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

# STATEMENT

　　　　Plaintiff Beverly Freeman ("Freeman") filed suit against Holy Cross Hospital ("Hospital") and Jerry Galvan ("Galvan") (together "Defendants") alleging sexual harassment, sex discrimination, and retaliation against the Hospital and, in Count IV, a common law intentional infliction of emotional distress ("IIED") claim against the Hospital and Galvan.[1] Count IV is the only one naming Glavan; Counts I-III are solely against the Hospital. Defendants move to dismiss Count IV with prejudice because it is both preempted by the Illinois Human Rights Act ("IHRA") and insufficiently pled. Freeman did not respond to Defendants's Motion or present the Court with precedent in support of her position. For the following reasons, the Court grants Defendants's Motion to Dismiss Count IV with prejudice.

　　　　The IHRA gives the Illinois Human Rights Commission (the "IHRC") exclusive jurisdiction over civil rights violations. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006) *quoting* 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). Under the IHRA, sexual harassment by "any employer, employee [or] agent of any employer" is a civil rights violation. 775 ILCS 5/2-102(D).

　　　　In *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994), the Illinois Supreme Court held that the IHRA preempted the plaintiff's claims for negligent hiring and retention because they "depend[ed] on the prohibitions against sexual harassment for their viability" and, as such, were "inextricably linked" to the concept of that particular civil rights violation. In a later case, the Illinois Supreme Court held that the plaintiff's claims of assault, battery and false imprisonment were not "inextricably linked" with claims of sexual harassment because the plaintiff could establish "the necessary elements of each tort independent of any legal duties created by the Act." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22 (Ill. 1997).

　　　　Therefore, "the IHRA does not preclude courts from exercising jurisdiction over all tort claims

factually related to incidents of sexual harassment." *Naeem*, 444 F.3d at 602. Rather, if a plaintiff can establish the necessary elements of a tort independent of any legal duties created by the IHRA, then the IHRA does not preempt the plaintiff's tort claim. *Id.* at 602-03; *see also Krocka v. City of Chi.*, 203 F.3d 507, 516-17 (7th Cir. 2000) ("[W]here a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA. That is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it."). The Seventh Circuit, however, has repeatedly held that the IHRA preempts common law claims for IIED when the plaintiff bases the IIED claim solely on incidents of sexual harassment. *See Quantock v. Shared Mktg. Servs.*, 312 F.3d 899, 902 (7th Cir. 2002) (per curium) (finding IIED claim preempted by the IHRA because it "depend[ed] on allegations of sexual harassment" when the IIED claim centered on the conduct of a co-worker who propositioned the plaintiff, grabbed her breasts and forcibly kissed her); *Smith v. Chi. Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1151 (7th Cir. 1999) (holding IIED claim preempted when "the core of [plaintiff's IIED] theory" was that plaintiff was a victim of harassment); *accord Naeem*, 444 F.3d at 605 (finding IHRA did not preempt IIED claim when the conduct plaintiff alleged "is not just sexually harassing conduct; instead, [plaintiff] alleges a pattern of behavior by the defendants that created impossible deadlines, set up obstacles to her performing her job, and sabotaged her work. . . . [I]t is clear that her claim rests not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant.").

Here, as in *Quantock* and *Smith*, Freeman bases her IIED claim entirely on Galvan's behavior that formed the basis of her sex discrimination claim. Unlike *Naeem*, the facts here do not show that Galvan engaged in behavior, other than the alleged harassment, that could constitute IIED. The facts do not show that Galvan's behavior violated any other legal duties. Rather, in her IIED claim, Freeman reiterates the same facts that formed the basis of her sexual harassment and sex discrimination claims under Title VII. The record does not support a finding that Freeman's IIED arises from a different legal duty than her sex discrimination claim. Accordingly, she has shown that her IIED claim depends entirely on her sex discrimination claim; the IHRA preempts her IIED claim because the core of her IIED theory is that Galvan subjected her to a hostile work environment.

Moreover, the Court notes that Galvan's behavior, as described in Freeman's Complaint, does not rise to the level of extreme and outrageous conduct required to sustain an IIED claim. The elements of IIED are: (1) extreme and outrageous conduct of defendant; (2) defendant knew, or should have known, that the conduct would inflict severe emotional distress; and (3) defendant's conduct did cause extreme emotional distress. *See Feltmeier v. Feltmeier*, 798 N.E.2d 75, 79-80 (Ill. 2003). "Liability attaches only in circumstances where the defendant's conduct is so outrageous and extreme that it goes beyond all possible bounds of decency." *Tuite v. Corbitt*, 830 N.E.2d 779, 899 (Ill. App. Ct. 2005), *rev'd on other grounds*, 866 N.E.2d 114 (Ill. 2006). Mere insults, indignities or threats are not actionable. *See Pub. Fin. Corp. v. Davis*, 360 N.E. 2d 765, 767-68 (Ill. 1976). A claim for IIED "requires more than what is required for sexual harassment." *Piech v. Arthur Anderson & Co., S.C.*, 841 F. Supp. 825, 831 (N.D. Ill. 1994).

Here, Freeman alleges that Galvan made comments of a sexual nature, asked her out on dates, sent sexually suggestive and explicit links to her personal email account, treated her differently than other employees, failed to investigate her harassment claims, attempted to grab her buttocks, and rubbed his hands on her thighs. These allegations do not demonstrate that Galvan engaged in extreme or outrageous conduct. *See Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (finding plaintiff's claims that she was "reprimanded for no reason," "excluded from office activities," "falsely accused of having poor sales," "threatened with discipline," and "having her private vehicle damaged and vandalized on several occasions in

| STATEMENT |
|---|

[defendant's] parking lot" insufficient to state an IIED claim); *see, e.g., Lara v. Diamond Detective Agency*, 412 F. Supp. 2d 894, 902 (N.D. Ill. 2006) (finding that defendant's actions, including "one comment regarding [plaintiff's] breasts, one comment regarding another woman's breasts, an attempt to peer down [plaintiff's] uniform shirt, asking [plaintiff] out on a date, an instance of touching her hair, and commenting daily on the smell of her perfume . . . do not rise to the level of severity and outrageousness required for her to maintain her [IIED] claim."); *Piech*, 841 F. Supp. at 832 (finding plaintiff's claim that she was "subjected to one isolated proposition[,] . . . sexual humor, references to female anatomy, and general discriminatory conduct" insufficient to state an IIED claim); *Miller v. Equitable Life Assurance Soc'y of the U.S.*, 537 N.E.2d 887, 890 (Ill. App. Ct. 1989) (finding plaintiff's claim that she was "subject to an offensive touching by [defendant's] employee, subject to vulgar remarks and encouraged by a district manager to use sex to sell insurance policies" insufficient to state an IIED claim). In addition, Freeman has not presented the Court with any precedent to the contrary. As such, even if Freeman's IIED claim was not preempted, the Court dismisses it as insufficiently pled.

    For the reasons stated, the Court grants Defendants's Motion to Dismiss Count IV with prejudice. As Count IV is the only one that names Galvan, Galvan is dismissed from the case.